John Raymond STECKSTOR, a minor born December 12, 1986, by his next friend, Lorraine C. SANTA CRUZ, Plaintiff–Appellant,

John Raymond Steckstor; Mary Ruth Steckstor; Eric John Steckstor, a minor, by his next friend, Hope Hernandez, Intervenors–Appellants,

v.

Michael Wayne HANCOCK; Larry Dodd; Vernon L. Robinson; Lee Janes, doing business as Lee's Automotive, Defendants–Appellees.

No. 92–1408.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1992.

Order Revising Opinion on Petition for Rehearing Feb. 1, 1993.

Decided Feb. 1, 1993.

John E. McKay, Kansas City, MO, argued, for appellants.

Michael Childs, Kansas City, MO, argued, for defendant-appellee Hancock.

Thomas Millington, Springfield, MO, argued, for defendant-appellee Dodd.

June Clark, Springfield, MO, argued, for defendant-appellee Robinson.

Richard Lombardo, Kansas City, MO, argued, for defendant-appellee Janes.

## ORDER ON PETITION
## FOR REHEARING

Feb. 1, 1993.

Appellee Lee Janes, doing business as Lee's Automotive, petitions for rehearing, contending that the conclusions reached by the court in its opinion are not supported by the evidence.

While we agree with the appellee that some facts have been incorrectly stated, we have concluded, after a further review of the record, that the decision of the court reversing and remanding for a new trial against Janes must stand and is supported by the record.

We are appreciative of appellee's petition which has called our attention to some misstatements of fact. We have corrected the opinion previously filed on December 8, 1992, as follows:

A revised opinion with these corrections is attached to this order and is filed as the opinion in this case. The prior opinion of December 8, 1992 is withdrawn.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

John Steckstor was struck and killed by an automobile, driven by defendant Mike Hancock, while assisting a group of hunters whose truck had rolled-over near his home. John Steckstor's children and parents [hereinafter Steckstor] brought suit for wrongful death against the hunters, Hancock and a tow truck driver who had been called to assist the hunters. The district court directed verdicts of dismissal in favor of all defendants except Hancock.[1] Steckstor appeals here, asserting the district court erred in directing verdicts and in responding to a jury query concerning insurance coverage during their deliberations relating to the claim against Hancock. We affirm, in part, and reverse, in part.

## I. BACKGROUND

On December 31, 1989, sometime between 4:00 and 5:00 a.m., a truck owned by Vernon Robinson, driven by Larry Dodd and containing Robinson, Dodd and another passenger, was traveling on Highway 32 toward Cedar County, Missouri. The three were returning home from a hunting trip in Marysville, Kansas.

The highway was apparently very slick and Dodd lost control of the truck, causing it to flip-over and come to rest upside-down on the shoulder of the road. The three hunters were not injured and were able to crawl out from underneath the truck and walk over to the nearby homes of Frank Fox and John Steckstor. The hunters awoke Fox and Steckstor and asked both for help and use of a phone to call for a wrecker truck. Both obliged.

Shortly thereafter, Lee Janes arrived with a wrecker truck. Janes proceeded to position his wrecker truck perpendicular to the highway such that the rear faced the upside-down truck and the front met the median dividing strip. He attached a winch line to the hunters' truck and dragged it toward his wrecker truck until the hunters' truck lay parallel with the highway.[2] Janes then unhooked the winch cable and parked his wrecker truck in the southbound lane facing south, with its rear end even with the rear end of the hunters' truck. He got out of his wrecker truck, pulled the winch cable across the center median and

---

1. The appellants' brief indicates that Hancock carries inadequate insurance coverage for the damages sustained by decedent and surviving members of his family.

2. During this maneuver, Janes' wrecker truck and winch cable blocked the northbound lane of the highway.

reattached it to the hunters' upside-down truck. He engaged the winch and righted the truck up onto its four wheels.[3] The hunters' truck remained there while the hunters transferred their gear to another vehicle.

Meanwhile, Mike Hancock and his brother were traveling north on Highway 32, returning home to Missouri from visiting their parents in Florida. Mike was driving. As they approached the scene of the accident, Mike's eyes were blinded by the wrecker's bright lights. Attempting to swerve, Mike struck the hunters' truck, which then struck the other truck into which the hunters were transferring their gear. One of the two trucks struck Steckstor. Steckstor was hospitalized and died eight days later.

Steckstor brought suit in the Southern Division of the United States District Court for the Western District of Missouri against Hancock, Dodd, Janes and Robinson. At the close of Steckstor's case-in-chief, the district court directed a verdict in favor of defendants Dodd, Janes and Robinson, ruling that Hancock's negligence was the sole proximate cause of Steckstor's injuries and resulting death.

The jury returned a verdict against Hancock, awarding $290,000. Steckstor filed a Motion for New Trial, which the district court denied. Steckstor files this appeal.

## II. DISCUSSION

### A. Directed Verdict

Steckstor argues here the district court erred in directing the verdicts in favor of Dodd, Janes and Robinson and in improperly responding to a jury question regarding insurance coverage.

In considering Janes' motion for a directed verdict at the close of Steckstor's case, the district court was to draw all reasonable inferences in favor of Steckstor. *McGowne v. Challenge–Cook Bros., Inc.*, 672 F.2d 652, 661 (8th Cir.1982).[4]

We do not view directed verdicts as "procedural short cuts," but as an important part of the federal rule system. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because the district court's granting of a directed verdict is necessarily a pure question of law, we review its propriety *de novo*. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 409 (8th Cir.1988).

The test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Thus, if a plaintiff, for whatever reason, fails to establish an essential element of his case, *Bell v. Stigers*, 937 F.2d 1340, 1342 (8th Cir.1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)), or if reasonable minds could come but to only one "conclusion as to the verdict," *Williams–El v. Johnson*, 872 F.2d 224, 228 (8th Cir.1989) (citing *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12), then the court is obliged to direct a verdict accordingly. Conversely, a directed verdict should not be granted where " 'reasonable minds could differ as to the importance of the evidence.' " *Williams–El*, 872 F.2d at 228 (citing *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511).

Steckstor contends the district court erred in granting Janes' directed verdict motion because there are material issues of fact concerning whether Janes blocked through-traffic lanes on Highway 32, and whether he inadequately warned oncoming traffic.

Janes counters that the district court properly directed the verdict because Janes violated no laws, he blocked traffic only so far as it was necessary to tow the hunters' truck, his wrecker truck's flashing-rotating beacon lights were on (as were the lights of other emergency vehicles), and Hancock's

---

3. This maneuver left Janes' wrecker truck facing south in the southbound lane and the hunters' truck facing north in the northbound lane.

4. This standard applies equally to both federal and Missouri state law. *McGowne,* 672 F.2d at 660 n. 1.

negligence was an otherwise supervening cause.

Although the question here is close, we cannot say the evidence entitled Janes to prevail as a matter of law. *See Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

We are so persuaded by the uncontroverted testimony presented at trial, much of which came from Janes himself, relating to the contention that Janes failed to adequately warn oncoming traffic of the accident. For example, Janes testified he was aware the emergency flasher on the hunters' truck did not work and that the rear taillights on the truck were weak and certainly not visible from 500 feet away as mandated by Mo.Rev.Stat. § 307.110 (1986).[5]

Janes also testified it was his experience that motorists sometimes approach the scene of an accident too fast. Hancock testified he did not even see the flashing rotary-style emergency lights atop Janes' wrecker truck because he was blinded by the wrecker truck's headlights.

Janes also testified that in other nighttime accidents in the past, he has used flagmen to warn oncoming traffic. Dodd testified that before Hancock's car had come by, he had prevented an accident involving another car by successfully flagging the driver to slow down. Hancock testified that had there been a flagman visible, he would have avoided the accident because he would have known to slow down.

Janes also stated he was not carrying emergency flares in his wrecker truck at the time of the accident, nor did he place reflective triangles on the road to warn motorists of the accident.

Janes and others further testified that after arriving at the accident, Janes assumed responsibility for moving the disabled vehicle. It was while performing this job that the two trucks were blocking both the north and southbound lanes for the ten minutes leading up to and including the time the accident occurred. And it appears the only reason the trucks were so positioned was to facilitate the transfer of the hunters' gear between the two trucks.

Certainly there exists evidence of a duty, a breach of that duty, a causal relationship between the breach and the accident, and damages flowing therefrom. Janes moved the hunters' truck into the northbound traffic lane, knew the hunters' truck had neither emergency flashing lights nor properly working taillights in violation of Mo.Rev. Stat. § 307.110, failed to provide any type of warning to oncoming northbound lane motorists and created a "total blockade" of the north and southbound lanes of traffic. In our opinion, Steckstor proffered sufficient evidence tending to establish the essential elements necessary to prevail against Janes. *Bell v. Stigers,* 937 F.2d 1340, 1342 (8th Cir.1991).

However, we do feel the district court properly entered directed verdicts in favor of Dodd and Robinson and, accordingly, affirm as to them.

**B. New Trial**

■ Steckstor also argues on appeal the district court erred in responding to a query from the jury. During its deliberations, the jury asked:

If verdict is rendered against defendant [Hancock], will defendant or insurance company be liable for payment of awards?

Tr. at 340.

In response to the question and over Steckstor's objection, the district court stated:

Now, members of the jury, in response to the inquiries that you raised—No. 1, If verdict is rendered against defendant, will defendant or insurance company be liable for payment of award? Raymond F. Purdom, spokesman—I'm instructing you that in your deliberations concerning liability or damages or either, that absolutely no consideration is to be given whether or not there is any insurance.

Tr. at 343.

Steckstor argues here the district court should have simply told the jury to follow

---

5. Mo.Rev.Stat. § 307.110 requires parked vehicles to be equipped with a taillight that is visible

from 500 feet away.

the jury instructions previously given. It contends it was error to discuss and interject insurance during actual jury deliberations because it is *per se* reversible error, irrelevant and immaterial, and falsely created the impression that somehow Hancock was underinsured.

The injection of insurance into this case by the jury's question is unfortunate. The trial court probably should have advised the jury to follow the instructions on damages. The special instruction given by the trial court, however, was not misleading, misdirecting nor confusing. *See Murphy v. City of Springfield,* 794 S.W.2d 275, 278–79 (Mo.Ct.App.1990); *Wilson v. Bob Wood & Assoc., Inc.,* 633 S.W.2d 738, 750 (Mo.Ct.App.1981). Thus, the plaintiffs are not entitled to a new trial against Hancock.

## III. CONCLUSION

We reverse and remand for a new trial by Steckstor against defendant Janes. We affirm the directed verdicts of dismissal in favor of Dodd and Robinson and affirm the order denying Steckstor a new trial as against Hancock.